## Dutko et al. v. Rice Township School District et al.

*James Hiscox*, for complainants.

*R. A. Livingston*, for respondents.

FLANNERY, J., ,September 19, 1947.—This is a motion to continue preliminary injunction issued August 18, 1947.

The School District of Rice Township is a district of the fourth class. It has an assessed valuation of $228,391. On August 24, 1947, the school board adopted a budget for the current school year and fixed a tax rate of 28 mills and levied a per capita tax of $5 on each taxable in the district.

Plaintiff thereupon obtained an injunction to restrain the proposed action as illegal and void for the reason that the school board has "arbitrarily and unlawfully accumulated a large cash balance, namely $7,123.60", of which amount only $1,123 was to be used by the district as balance on hand in the general fund.

At the hearing it developed that within the recent past there was a fire which destroyed one of the schools of the district. Insurance in the amount of $4,500 was received and deposited in a sinking fund for the purpose of replacing the building. With this item there is no quarrel. But $6,000, the item of which complaint is made, has been allowed to accumulate from the general revenues over the years and has been added to the insurance constituting the total building fund. It is estimated the new school will cost approximately $30,000. The fund was set up in this manner, according to the secretary of the board, on the advice of the county superintendent. It further appears that there is no bonded indebtedness and generally speaking the affairs of the district have been managed in an efficient, businesslike and honest way. It is the contention of plaintiff, as set forth in the bill, "That there is no authority in law for the accumulation of such a large sum of money, six thousand dollars of which remains unappropriated for any lawful school purpose and which constitutes an unlawful and burdensome exaction on the property owners in the said school district".

The legislature by the Act of April 30, 1943, P. L. 145, "Providing for and regulating the accumulation, investment and expenditure by counties, cities, boroughs, incorporated towns and townships of funds for post war projects", enacted legislation which would authorize such an accumulation by the municipalities there designated. And in 1945, by the Act of May 1, P. L. 362, that privilege was extended to school districts. The legislation was further extended and generally reënacted by the Act of May 8, 1947, P. L. 176.

In view of these enactments the ground on which the injunction issued is untenable.

When these acts of the legislature were brought to light at the hearing an effort was made to defeat their application to the facts here on the theory that the directors had not followed specifically and in detail the letter of the law. Although these objections were not raised in the pleadings we have given them careful consideration. We can find no such deviation from the act as would defeat its application or deprive the school district of its protection.

Motion to continue the preliminary injunction is denied and the injunction heretofore granted is dissolved.